# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL WHITE, | 1:09-cv-01013-OWW-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Docs. 1, 6, 7] |
| JOHN C. MARSHALL, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Central District of California, Western Division on October 23, 2007. On January 23, 2008, that Court dismissed the petition without prejudice. (Court Doc. 10.) However, on September 29, 2008, that Court considered Petitioner's motion for reconsideration and vacated the January 23, 2008, order of dismissal based on Petitioner's November 19, 2007, First Amended Petition. (Court Doc. 20.) The Court ordered a response to the petition on October 10, 2009. (Court Doc. 21.)

On May 29, 2009, Respondent filed a motion to transfer the case to this Court. (Court Doc. 27.) On June 8, 2009, the Court granted Respondent's motion, and the case was transferred to this Court and received on June 10, 2009. (Court Docs. 28, 29.)

## DISCUSSION

A.    <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.     Failure to State a Cognizable Federal Claim

The sole ground raised in Petitioner's amended petition is a denial of due process under the Fourth Amendment when he was subjected to an unreasonable search and seizure.  Petitioner further alleges that the trial court erred in denying his suppression motion based on the alleged unreasonable search and seizure.

A federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a "full and fair opportunity to litigate" the Fourth Amendment issue.  Stone v. Powell, 428 U.S. 465, 494 (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993), *cert denied*, 511 U.S. 1057 (1994).  The only inquiry this Court can make is whether petitioner had a fair opportunity to litigate his claim, not whether petitioner did litigate nor even whether the court correctly decided the claim.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); see also Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990) (holding that because Cal. Penal Code § 1538.5 provides opportunity to challenge evidence, dismissal under Stone was necessary).

The policy behind the Stone Court's analysis is that the exclusionary rule is applied to stop future unconstitutional conduct of law enforcement.  Stone, 428 U.S. at 492.  However, excluding evidence that is not untrustworthy creates a windfall to the defendant at a substantial societal cost.  See Stone, 428 U.S. at 489-90; Woolery, 8 F.3d at 1327-28.  Thus, the Ninth Circuit has described the rationale for this rule by saying:

> The holding is grounded in the Court's conclusion that in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further

>the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

Woolery, 8 F.3d at 1326; see also Stone, 428 U.S. at 493-494.

In this case, Petitioner's Fourth Amendment claim was litigated through a suppression hearing in the Kern County Superior Court. (Court Doc. 6. First Amended Petition, at 1, Court Doc. 7, Memorandum in Support of Amended Petition, at 3-5.) The trial court denied the motion. Id. Therefore, the state court provided Petitioner a "full and fair opportunity to litigate" his Fourth Amendment claim. Stone v. Powell, 428 U.S. 465, 494 (1976). Pursuant to Stone v. Powell, the Court cannot grant habeas relief on this ground, and it should be dismissed from the petition. The fact that the trial court disagreed with Petitioner's argument does not change this result.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that instant petition for writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 8, 2009**          /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE